JOSEPH E. DIAMOND, PLAINTIFF
JOSEPH E. DIAMOND LAW FIRM
18208 Preston Road, Suite D-9-415
Dallas, Texas 75252
(818) 324-1918

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Edward Diamond, Individually<br><br>Plaintiff,<br><br>  vs.<br><br>Ira Warkol Individually, Barry Ray Individually, Toon Goggles, Inc. a NV Corp. Jordan Warkol Individually, Ellen Warkol Individually, T. G. Account Inc. a NV Corp, Dinomite Account, LLC a NV LLC, Dinomite Apps, Inc. a NV Corp<br><br>Defendants. | CASE NO.: 2:14-cv-7759<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT FOR:<br>Breach of Fiduciary Duty and Conspiracy to Breach Fiduciary Duty by Turning Toon Goggles, Inc. Into a Front for a Boiler Room and Additionally Conspiring to Violate the Tax Laws of the United States and the State of California, Usurping Toon Goggles, Inc. Opportunities for Personal Benefit, Intentional Violation of State Securities Law,  Intentional Violation of United States Securities Law, Diverting Toon Goggles, Inc., Assets and Funds for Personal Use, Conspiracy To Divert Corporate Assets and Funds for Personal Use,  Intentional Infliction of Emotional Distress  and Negligent Infliction of Emotional Distress by Attempting to Extort My Wife, THERESE DIAMOND and Conspiracy in Attempting to Extort My Wife Through Intimidation; and Operating as a Racketeer Influenced and Corrupt Organization |

## JURISDICTION

1. Jurisdiction is based on complete diversity under 28 U. S. CODE § 1332;

1

**COMPLAINT**

2. The amount in controversy is at least one million dollars ($1,000,000.00) based on the right to ownership by plaintiff of five hundred thousand (500,000) shares of common stock in Toon Goggles, Inc.;

## VENUE

3. Venue is based on 28 U.S. Code § 1391(b) (1).  A judicial district in which any defendant resides.  Defendant Ira Warkol resides in Los Angeles;

## PLAINTIFF JOSEPH E. DIAMOND HEREBY ALLEGES AS FOLLOWS:
## ALLEGATIONS COMMON TO ALL PARTIES AND CAUSES OF ACTION

4. Plaintiff JOSEPH E. DIAMOND is an individual and a resident of the County of Collin, State of Texas at all times mentioned herein each of the following causes of actions occurred from July 1, 2013 to the present date though they may have been actions that were continuing actions from a prior period;

5. Plaintiff is informed and believes and based thereon alleges the defendant IRA WARKOL, at all times mentioned herein was a resident of the County of Los Angeles, State of California;

6. Plaintiff is informed and believes and based thereon alleges the defendant BARRY RAY, at all times mentioned herein was a resident of the County of Los Angeles, State of California;

7. Plaintiff is informed and believes and based thereon alleges the defendant TOON GOGGLES, Inc. hereinafter (TG) was incorporated in Nevada, additionally this defendant has been doing business in the County of Los Angeles and the state of California but has never been registered, licensed or legally permitted to transact business in any manner in the County of Los Angeles, State of California;

8. Plaintiff is informed and believes and based thereon alleges the defendant ELLEN WARKOL is an individual residing at all times herein mentioned in the County of Los Angeles, State of California;

9. Plaintiff is informed and believes and based thereon alleges that defendant IRA WARKOL has been a member of the Board of Directors of defendant TG at all times mentioned herein;

10. Plaintiff is further informed and believes that IRA WARKOL has been President and Chief Executive Officer of defendant TOON GOGGLES, INC. at all times mentioned herein;

11. Plaintiff is informed and believes and based thereon alleges the defendant T. G. ACCOUNT, INC. is a Nevada corporation and, and additionally did business in the County of Los Angeles, State of California at all times mentioned herein though it was not licensed to do business in the State of California during that period;

12. Plaintiff is informed and believes and based thereon alleges that the defendant Dinomite Account, LLC is a Nevada Limited Liability Company and additionally that this company conducted business in the County of Los Angeles, State of California though not licensed or legally qualified to do business in California during this period;

13. Plaintiff is informed and believes and based thereon alleges the defendant T. G. ACCOUNT, INC. was incorporated in Nevada, and additionally did business in the County of Los Angeles, State of California at all times mentioned herein though it was not licensed to do business in the State of California during that period;

14. At all times mentioned herein, each of the defendants was the agent, partner, servant, employee, associate, or joint venturer of each of the remaining defendants, and in such capacity were doing or failing to do matters alleged hereafter, each acting within the course and scope of said agency, partnership, service, employment, association, or joint venture.

### First Cause of Action

**BREACH OF FIDUCIARY DUTY AND CONSPIRACY TO BREACH FIDUCIARY DUTY OF CORPORATE OFFICERS AND DIRECTORS AND CONSPIRACY TO BREACH THEIR FIDUCIARY DUTY BY USING TOON GOGGLES AS A FRONT FOR A BOILER ROOM AND CONSPIRING TO EVADE TAXES OF THE UNITED STATES AND THE STATE OF CALIFORNIA, IRA WARKOL, BARRY RAY, AND T. G. ACCOUNT, INC.**

3

15. Plaintiff JOSEPH E. DIAMOND realleges and incorporates by reference paragraphs 1 through 14 inclusive;

16. Plaintiff has information and believes that IRA WARKOL and BARRY RAY have used and conspired to use Toon Goggles, Inc. as a Boiler Room and have actively helped sales personnel to evade United States and California Taxes by having Barry Ray set up a series of Nevada Corporations and both Barry Ray and Ira Warkol trained the sales personnel to also set up out of state corporations to evade United States and California income Taxes, they have actively sold stock in Toon Goggles, Inc. and have not filed a registration or filed for an exemption from United States or California Securities Laws From July 1, 2013 through the present date, defendants, IRA WARKOL and BARRY RAY have damaged Plaintiff by diminishing the value of TG by intentionally having shares of TG sold by unlicensed brokers, and additionally paying unreasonable commissions for the sale of these shares in breach of the duty to protect the value of the shares.  Mr. Warkol has failed to respond to requests to provide information as to any information as to why he is not adhering to Rules of the Securities and Exchange commission, specifically "For non-reporting companies, this means that certain company information, including information regarding the nature of its business, the identity of its officers and directors, and its financial statements, is publicly available.";

17. There is no evidence that he has filed for and/or that TG is eligible for an exemption from filing with the SEC or has an exemption from registration of these shares for sale.  IRA WARKOL is diminishing the value of TG and plaintiffs shares by operating in California and selling shares of stock both from California and to California residents and thereby violating California securities laws;

18. Ira Warkol has never come forward with any evidence that TG IS eligible for an exemption from either the State of California Securities laws or the Securities laws of the United States;

19. Plaintiff has information and believes that IRA WARKOL and BARRY RAY have colluded to avoid withholding and paying payroll taxes on "employees" by telling them they can set up out of state corporations, use them for one or two years, never prepare or

file income tax returns and then stop paying renewal fees to the state of incorporation and walk away from these companies, never file and/or pay income tax on their earnings. They additionally use this ruse to avoid withholding and paying State tax authorities and the Internal Revenue Service the taxes that are due on these transactions;

20. Plaintiff has information and believes that IRA WARKOL and BARRY RAY have also conspired to have BARRY RAY set up a series of corporations that pay either the corporation they have persuaded the sales people to set up or the individual if they refused to set up a corporation.   Neither BARRY RAY nor IRA WARKOL withheld taxes from the wages of these sales people and subsequently never paid payroll taxes over to either the IRS or the State of California;

21. Plaintiff has information and believes that IRA WARKOL has never filed Toon Goggles, Inc. corporate papers with the California Secretary though that is the nerve center of that corporation;

22. Plaintiff has information and believes that Toon Goggles, Inc. has never filed or paid California Franchise Tax;

23. Ira Warkol has breached his duty to Plaintiff by not having a shareholders meeting;

24. Ira Warkol has breached his duty to Plaintiff by never issuing financial data to shareholders;

**Second Cause of Action**

**USURPING TOON GOGGLES, INC. OPPORTUNITIES AND DIVERTING THEM FOR PERSONAL BENEFIT BY DEFENDANTS IRA WARKOL, BARRY RAY, JORDAN WARKOL, T. G. ACCOUNT, INC., DINOMITE ACCOUNT, LLC, DINOMITE APPS, INC.**

25. Plaintiff JOSEPH E. DIAMOND realleges and incorporates by reference paragraphs 1 through 24 inclusive.

26. Plaintiff has information and believes that because of the connection with TG and while being paid by TG Ira Warkol has allowed his son, JORDAN WARKOL and personal friend BARRY RAY, T. G. ACCOUNT, INC., DINOMITE ACCOUNT, LLC and DINOMITE

5

**COMPLAINT**

APPS, INC. to profit from use of TG's shareholder list to sell shares of stock to other corporations and additionally use opportunities to sell apps in TG's business and divert potential profits from TG to the detriment of the shareholders;

### Third Cause of Action

**DIVERTING TG ASSETS AND FUNDS FOR PERSONAL USE, CONSPIRACY DIVERTING CORPORATE ASSETS AND FUNDS FOR PERSONAL USE BY IRA WARKOL, ELLEN WARKOL, AND JORDAN WARKOL**

27.   Plaintiff JOSEPH E. DIAMOND realleges and incorporates by reference paragraphs 1 through 26 inclusive;

28.   Plaintiff has information and believes that IRA WARKOL uses the TG's funds to pay personal bills and has converted TG's funds and assets to personal use, ELLEN WARKOL, AND JORDAN WARKOL have also participated and benefitted from the diversion of TG's assets and funds;

### Fourth Cause of Action

**Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress By Attempting to Extort THERESE DIAMOND, My Wife, By Threatening to Turn Our Son and Me, Joseph Diamond, In to the State Bar of California in an Attempt to Force Her to Not Use Legal Actions to Recover the Value of Her Investment in Toon Goggles, Inc. by Ira Warkol**

29.   Plaintiff JOSEPH E. DIAMOND realleges and incorporates by reference paragraphs 1 through 31 inclusive;

30.   THERESE DIAMOND, my wife, sent a demand letter to IRA WARKOL to purchase her shares because she was upset that from the date she signed an agreement to sell 500,000 shares of TG in June of 2013 there has been no communication with her, she received no information on the finances of the company and no opportunity to express her concerns about the future of the company.  An attorney sent her a letter and requested an extension of time to respond, See Exhibit 1, Therese Diamond refused to grant an extension of time by email, See Exhibit 2.  Attorney Levine then sent a demand email stating that she breached a contract that

she signed and that she agree to pay his attorney fees and sign an agreement to limit her rights, See Exhibit 3.  My wife, THERESE DIAMOND, did not respond.  IRA WARKOL then conspired with his attorney PAUL LEVINE to send my wife, THERESE DIAMOND, an email that threatened that if she didn't agree to Ira Warkol's terms, Ira Warkol would turn her son and her husband, Plaintiff, JOSEPH E. DIAMOND in to the bar.  A copy of the email threat is attached as Exhibit 4;

31.     That email caused problems for both me and my wife.  I asked her to forget about it as I am going to be 72 years old in a couple of weeks and don't need problems in my life.  My wife was furious with me for wanting to just walk away from the situation.

32.      My wife, very reluctantly sent Paul Levine an email that said she would give up her claim on the condition that she never heard from either IRA WARKOL of PAUL LEVINE again, See Exhibit 5;

33.     Attorney PAUL LEVINE promptly sent her a letter with a "settlement agreement" and demanded that she sign it, Plaintiff Joseph Diamond sign it, our son sign it, and for some odd reason our daughter sign it.  I told her I would not sign it, I called our son and he said he would never sign that document; Mr. Levine also sent our daughter a letter demanding she sign it, though she never had anything to do with any part of this and never heard of these people.  A copy of that letter is attached as Exhibit 6;

34.     My wife hired an attorney to deal with this situation, but once he got involved, Mr. Levine didn't devote enough time to resolve the situation before he started a suspension from practice in California on October 4, 2014 as ordered by the State Bar of California;

35.     This has caused a serious rift with my wife of 48 years, as the tactics used are abusive and outrageous and have caused me great emotional distress;

### Fifth Cause of Action

### Operating and Running a Racketeer Influenced and Corrupt Organization by Ira Warkol and Toon Goggles, Inc.

36.     Plaintiff JOSEPH E. DIAMOND realleges and incorporates by reference paragraphs 1 through 35 inclusive;

37. The totality of Defendants actions in the causes of action one through four show a pattern of criminal behavior and corruption that leaves no doubt that they have worked and conspired together to turn what was a great corporate opportunity in TG into a criminal enterprise and a Racketeer Influenced and Corrupt Organization.

**WHEREFORE**, Plaintiff prays for judgment jointly and severally against Defendants as follows:

### FIRST CAUSE OF ACTION

38. Plaintiff' actual damages in the amount of one million dollars ($1,000,000.00);

### SECOND CAUSE OF ACTION

39. Plaintiff' actual damages in the amount of one hundred thousand dollars ($100,000.00);

### THIRD CAUSE OF ACTION

40. Plaintiff' actual damages in the amount of one hundred thousand dollars ($100,000.00);

### FOURTH CAUSE OF ACTION

41. Plaintiff' actual damages in the amount of ten thousand dollars ($10,000.00) and exemplary and punitive damages in an amount to be determined by the court;

### FIFTH CAUSE OF ACTION

42. Plaintiff' actual damages in the amount of one million dollars ($1,000,000.00) and exemplary and punitive damages in an amount to be determined by the court.

### FOR ALL CAUSES OF ACTION

43. For interest at the legal rate, attorney's fees and costs of suit herein incurred;

44. For such other and further relief as the court may deem just and proper.

DATED: October 6, 2014

By: _____
    Joseph E. Diamond

**COMPLAINT**